United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CINDY COLEMAN-ANACLETO,

Plaintiff,

v.

SAMSUNG ELECTRONICS AMERICA, INC.,

Defendant.

Case No. 16-CV-02941-LHK

**ORDER RE SEALING MOTIONS**

Re: Dkt. No. 24, 26, 28

Before the Court are administrative motions to seal filed by Plaintiff Cindy Coleman-Anacleto ("Plaintiff") and Defendant Samsung Electronics America, Inc. ("Defendant"). ECF Nos. 24, 26, 28. The parties seek to seal briefing and exhibits filed in connection with Plaintiff's motion to remand, ECF No. 13, and Defendant's motion to dismiss, ECF No. 16.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

1

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

1        Parties seeking to seal judicial records relating to motions that are "more than tangentially

2    related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

3    1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons

4    supported by specific factual findings" that outweigh the general history of access and the public

5    policies favoring disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons justifying the

6    sealing of court records generally exist "when such 'court files might have become a vehicle for

7    improper purposes,' such as the use of records to gratify private spite, promote public scandal,

8    circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at

9    598). However, "[t]he mere fact that the production of records may lead to a litigant's

10    embarrassment, incrimination, or exposure to further litigation will not, without more, compel the

11    court to seal its records." *Id.*

12        Records attached to motions that are "not related, or only tangentially related, to the merits

13    of a case," are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

14    1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

15    records attached only to non-dispositive motions because those documents are often unrelated, or

16    only tangentially related, to the underlying cause of action." (internal quotation marks omitted)).

17    Parties moving to seal records attached to motions unrelated or only tangentially related to the

18    merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of

19    Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

20    The "good cause" standard requires a "particularized showing" that "specific prejudice or harm

21    will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–

22    11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by

23    specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,

24    966 F.2d 470, 476 (9th Cir. 1992).

25        Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

26    documents for, inter alia, the protection of "a trade secret or other confidential research,

27

28

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS

development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The Ninth Circuit has

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

trade secret may consist of any formula, pattern, device or compilation of information which is

used in one's business, and which gives him an opportunity to obtain an advantage over

competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

(quoting Restatement (First) of Torts § 757 cmt. b).  "Generally [a trade secret] relates to the

production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

business. . . ." *Id.* (ellipses in original).  In addition, the U.S. Supreme Court has recognized that

sealing may be justified to prevent judicial documents from being used "as sources of business

information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established

by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request

that establishes the document is "sealable," or "privileged, protectable as a trade secret or

otherwise entitled to protection under the law." Civ. L. R. 79-5(b).  "The request must be

narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-

5(d)." *Id.*  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

order that is narrowly tailored to seal only the sealable material" and that "lists in table format

each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

the document" that "indicate[s], by highlighting or other clear method, the portions of the

document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1).

The parties seek to seal briefing and exhibits submitted in connection with Plaintiff's

motion to remand, ECF Nos. 24, 28, as well as briefing and exhibits submitted in connection with

Defendant's motion to dismiss, ECF No. 26.  Although Plaintiff's motion to remand does not

address the merits of Plaintiff's claims, the Ninth Circuit recently held that motions to remand are

considered "dispositive" motions. *See Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (noting,

in context of magistrate jurisdiction, that "the effect of a remand order is to end all federal

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

1  proceedings," which necessarily is dispositive of all relief sought by the party "put out of federal

2  court"). Defendant's motion to dismiss is also a dispositive motion. Accordingly, requests to seal

3  in connection with Plaintiff's motion to remand and Defendant's motion to dismiss are governed

4  by the "compelling reasons" standard. *See In re PPA Products Liability Litig.*, 460 F.3d 1217,

5  1231 (9th Cir. 2006) (holding that motions to dismiss are typically treated as dispositive motions);

6  *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *2 (N.D. Cal. Jan. 21, 2014) (applying

7  "compelling reasons" standard to motions to seal information in connection with a motion to

8  dismiss).

9      With this standard in mind, the Court rules on the instant motions as follows:

10

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 24 | Compelling Reasons | Defendant's Opposition to Plaintiff's Motion to Remand | DENIED as to the following proposed redactions: <br> • page i, ln 9: "Members" <br> • page i, ln 11: "More Than" <br> • page i, ln 14: "Up to" <br> • page 2, ln 3: "wall mounts in California" <br> • page 8, ln 8: "Members" <br> • page 8, ln 9: "Ultra Slim wall mounts" <br> • page 11, ln. 17: the first two words <br><br> Otherwise GRANTED. |

4

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS

United States District Court
Northern District of California

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 24 | Compelling Reasons | Declaration of Ilhyun Ryu in Opposition to Plaintiff's Motion to Remand, ¶¶ 2–6 | GRANTED as to the following proposed redactions:<br>• page 1, ln 18: the last word<br>• page 1, lns 19, 20, 21<br>• page 1, ln 22: the specific number of Ultra Slim wall mounts sold<br>• page 2, ln 1: except for the last word<br>• page 2, lns 3–9, 13–17<br>• page 2, ln 10: except for "Ultra Slim Wall Mounts sold"<br>• page 2, ln 11: the last three words<br>• page 2, ln 12: the first five words<br>• page 2, ln 20: the last word<br>• page 2, ln 21: the specific number of Ultra Slim wall mounts sold<br>• page 2, ln 22: the estimate of the amount of money<br>• page 2, ln 24: words 8–14<br>• page 2, ln 27: the last word<br><br>Otherwise DENIED. |
| 26 | Compelling Reasons | Plaintiff's Opposition to Defendant's Motion to Dismiss | DENIED as to the following proposed redactions:<br>• page 7, ln 23: "*100*"<br>• page 7, ln 24: "*percent*"<br>• page 16: "100 percent", "millions"<br><br>Otherwise GRANTED. |

5

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS

| Motion to Seal | Standard | Document | Ruling |
|---|---|---|---|
| 28 | Compelling Reasons | Plaintiff's Reply in Support of Plaintiff's Motion to Remand | DENIED as to the following proposed redactions:<br>• page 4, ln 14: "every single model of every single"<br>• page 4, ln 20: "100 percent"<br>• page 5, ln 25–26: "best estimation of *actual* retail price . . . based on"<br>• page 6, lns 3–4: "best estimation of *actual* retail price is based on"<br>• page 6, ln 7: "actual retail price"<br>• page 7, ln 17: "(net quantity sold in California", "times suggested retail price for the WMN1000C"<br><br>Otherwise GRANTED. |

**IT IS SO ORDERED.**

Dated: September 2, 2016

*Lucy H. Koh*

_____

LUCY H. KOH
United States District Judge

6

Case No. 16-CV-02941-LHK
ORDER RE SEALING MOTIONS