RUSSELL I. GLAZER (SBN 166198)
Email: rglazer@troygould.com
DANIEL RYGORSKY (SBN 229988)
Email: drygorsky@troygould.com
NICOLE S. PHILLIS (SBN 291266)
Email: nphillis@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746

Attorneys for Defendant
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CINDY COLEMAN-ANACLETO, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>           Defendant. | Case No. 16-cv-02941-LHK<br><br>Hon. Lucy H. Koh<br><br>**JOINT CASE MANAGEMENT CONFERENCE REPORT**<br><br>Complaint Filed:   April 29, 2016<br>Removed:            June 1, 2016<br>Trial Date:           May 21, 2018<br>Fact Discovery<br>Cutoff:                September 21, 2017<br><br>[Removed from Santa Clara Superior Court, Case No. 16CV294533] |

Pursuant to this Court's Case Management Order, Plaintiff Cindy Coleman-Anacleto and Defendant Samsung Electronics America, Inc. ("SEA") submit jointly the following Case Management Statement, which updates and supplements the information provided in the Joint Case Management Statement filed on August 25, 2016 (Dkt. 35):

## 1. **JURISDICTION AND SERVICE**

The Court has determined it has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Dkt. 40)

On December 5, Plaintiff filed a motion for leave to file a second amended complaint adding Samsung Electronics Co., Ltd. ("SEC") as a defendant. SEC is a Korean corporation with its principal place of business in Suwon, South Korea. Should leave be granted for Plaintiff to so amend, service would have to be completed on SEC. Plaintiff will ask Defendant, a subsidiary, to accept service on behalf of its parent, SEC, or will serve this foreign defendant as expeditiously as possible by other means.

## 2. **FACTS**

**Plaintiff's Statement**

Plaintiff Cindy Coleman-Anacleto purchased SEA's 'Ultra Slim' wall mount and used it to hang her 63-inch Samsung plasma television to the wall, only to have the mount fail without warning, sending her television crashing to the floor. The wall mounts at issue mimic the design and look of a wire mount on the back of a picture frame. Plaintiff brought suit in California state court on behalf of herself and a class of similarly situated California purchasers of Ultra Slim wall mounts, alleging the wall mounts fail because their load-bearing parts are made of plastic that cannot bear the weight of televisions they were intended to mount to the wall.

Plaintiff alleges that SEA falsely represented on the packaging of the wall mounts that they could bear hundreds of pounds without breaking. Defendant's misrepresentations exposed consumers to the risk of serious personal injury and caused property damage. Plaintiff seeks monetary damages, restitution, and other equitable relief, such as an injunction, for design defect, negligence, and violations of California's Unfair Competition law, and the Song-Beverly Consumer Warranty Act. Plaintiff also seeks injunctive relief pursuant to the California Legal Remedies Act. Plaintiff's proposes second

amended complaint requests damages pursuant to the California Legal Remedies Act.

**Defendant's Statement**

Plaintiff alleges that she purchased a Samsung WMN1000C Ultra Slim wall mount in September 2010. She alleges that on January 7, 2016, the wall mount failed, causing her Samsung plasma television to fall to the ground and break. She alleges that the wall mount failed because of a design defect; specifically, that "[t]he plastic disks in Samsung Ultra Slim wall mounts are susceptible to breaking at any time, resulting in the television crashing to the ground." She further alleges that SEA misrepresented (i) the load bearing capacity of the Ultra Slim Wall Mounts; and (ii) the compatibility of such Mounts with certain televisions on the packaging for the Mounts. She purports to bring a class action on behalf of "[a]ll persons who purchased a Samsung Ultra Slim wall mount in California." The proposed class consists of California purchasers of seven models of Ultra Slim wall mounts. Defendant denies Plaintiff's allegations.

### 3. LEGAL ISSUES

The legal issues presented by this case includes the following:

- Whether Plaintiff has stated claims for design defect, or violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and/or the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*;
- Whether SEA is liable for any of plaintiff's claims;
- Whether a California class should be certified under Federal Rule of Civil Procedure 23;
- Whether restitution and/or damages should be awarded on Plaintiff's claims, and if so, the appropriate amount; and
- Whether injunctive or declaratory relief should be ordered.

### 4. MOTIONS

On July 1, Plaintiff moved to remand (Dkt. 13). Five days later, Defendant moved to dismiss Plaintiff's Complaint in its entirety (Dkt. 16). In an order issued on September 12, the Court denied Plaintiff's motion to remand and dismissed without prejudice Plaintiff's CLRA, UCL, failure to warn,

and negligence claims (Dkt. 40).  The Court denied Defendant's motion as to Plaintiff's Song-Beverly Act and design defect claims, and held that Plaintiff had standing to sue for Ultra Slim wall mounts that are substantially similar to her mount.

Plaintiff's Amended Complaint was filed on October 3, 2016. Currently pending before this Court is Defendant SEA's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 46), which is fully briefed and set to be heard on January 12, 2017.  SEA's Motion to Dismiss the Amended Complaint seeks dismissal of Plaintiff's claims for (i) a violation of the CLRA; (ii) a violation of the UCL; (iii) a violation of the Song-Beverly Act; and (iv) strict liability under the consumer expectations test, with prejudice.  Plaintiff has opposed Defendant's motion to dismiss the amended complaint, but has asked that if any claim is dismissed that she be granted leave to amend.

In addition, Plaintiff filed a Motion for Leave to File a Second Amended Complaint on December 5, 2016 which is set to be be heard on January 26, 2017 (Dkt. 50, 51).  SEA will oppose Plaintiff's Motion for Leave to File a Second Amended Complaint.  SEA is in the process of analyzing Plaintiff's Motion to determine all grounds on which SEA will oppose the Motion, but SEA asserts those grounds could include that the Motion (i) is brought in bad faith; (ii) if granted, will result in undue delay; (iii) if granted, will prejudice SEA; or (iv) as to the attempted amendment of the CLRA claim to seek damages, the amendment is futile because, as set forth in SEA's Motion to Dismiss, that claim should be dismissed with prejudice.

**5.    AMENDMENT OF PLEADINGS**

Plaintiff has filed a motion for leave to file a second amended complaint adding SEC as a party defendant and requesting damages under the CLRA, which SEA will oppose.

**6.    EVIDENCE PRESERVATION AND ELECTRONICALLY STORED INFORMATION**

Plaintiff's counsel has advised the Plaintiff regarding her obligation to preserve evidence, and Plaintiff is meeting her obligation.

The parties certify that they have reviewed the Guidelines Relating to Discovery of Electronically Stored Information.

**Plaintiff's Statement**

SEA declined to engage in any substantive Rule 26 discussion of electronically-stored information ("ESI") before the Court's ruling on Defendant's motion to dismiss. The parties have since discussed ESI on six separate occasions, beginning on October 11. But that discussion is incomplete. Plaintiff has asked SEA to identify custodians, to disclose information about the location and types of systems, and to propose a general list of twenty "key" words for searches of relevant databases. SEA has not done so. The only identification of a database was a shared network drive to which employees upload information.

On December 5, SEA informed Plaintiff by letter that its preference is to seek agreement upon a smaller list of key words for each request that requires such a search. The letter did not provide Plaintiff with any list but asked to discuss the matter further. Plaintiff is willing to meet and confer on a request-by-request basis but believes this process is more cumbersome and time consuming than the one she proposed.

Plaintiff has informed SEA that her ESI is largely limited to e-mail and includes correspondence between her and Samsung.

**Defendant's Statement**

The parties have engaged in numerous conversations regarding ESI, with Plaintiff only recently clarifying the nature of the information sought.  Defendant SEA is endeavoring to provide such information, and, in order to avoid undue burden and expense, hopes to work with Plaintiff to reach agreement on terms to be used to conduct searches for responsive documents.

Plaintiff has provided little information regarding her ESI other than to inform SEA of her belief that such information will be primarily limited to emails.

7. **INITIAL DISCLOSURES UNDER FRCP 26(A)**

Plaintiff provided her initial disclosures under Rule 26(a)(1) to Defendant on August 25, 2016. Defendant SEA provided its initial disclosures to Plaintiff on September 29, 2016.

8. **DISCOVERY: SUBJECTS AND SCHEDULE**

**Plaintiff's Statement**

Plaintiff served SEA with her First Set of Interrogatories and Requests for Production of Documents on October 6.  SEA responded with objections on November 10, which Plaintiff does not

believe are well founded. The parties have met and conferred three times since that date. SEA has not provided a date for production of documents in response to Plaintiff's requests. By letter dated December 5, SEA stated it "hope[s]" to produce documents "before the end of the year." Plaintiff may file a motion to compel in December if final efforts to meet and confer, including regarding a specific date for production, are unavailing.

The parties have also discussed filing a joint proposed protective order. On October 7, Plaintiff proposed that the parties use the Northern District's model protective order. SEA responded with comprehensive revisions to the model order. The parties have since discussed SEA's proposed revisions over several telephonic meet-and-confers. Plaintiff has agreed to significant changes proposed by SEA, but SEA will not agree to paragraph 6.3 (Judicial Intervention) because it places "[t]he burden of persuasion in any such challenge proceeding . . . on the Designating Party," rather than the Challenging Party, which is SEA's preference. By letter dated December 5, SEA informed Plaintiff that it is preparing a statement explaining its proposed version of the protective order.

**Defendant's Statement**

Plaintiff served Requests for Production of Documents and Interrogatories on SEA on October 6, 2016.  SEA carefully reviewed the Requests and Interrogatories, and timely served its Reponses and Objections to each on November 10, 2016.  SEA's objections included that the discovery sought was overbroad, and that it was impossible to determine the scope and nature of several Requests due to Plaintiff's use of words that lack a common meaning.  The parties have met and conferred in good faith regarding SEA's Responses and Objections, including for two and a half hours on November 22, 2016.  Since then, the parties have had add several additional teleconferences regarding discovery, and continue to work to resolve the remaining issues, including the narrowing of the scope of the discovery sought.  Additionally, the parties have exchanged written correspondence regarding discovery -- from Plaintiff's counsel dated November 28, 2016, and from SEA's counsel dated December 5, 2016.  Defendant SEA believes the continued cooperation of the parties will prevent the need for any motion practice regarding discovery.

Defendant SEA served a Request for Production of Documents and Interrogatories on Plaintiff on November 15, 2016.  Plaintiff's Responses and Objections thereto are forthcoming.

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:16-cv-02941-LHK

5

03670-0003 288654.1

The parties have exchanged draft protective orders in the hopes of filing a joint proposed protective order. To date, Plaintiff largely has rejected the substantive terms proposed by SEA, including changes (i) designed to make the process of challenging designated documents more equitable; and (ii) designed to streamline provisions regarding the designation of protected material. If the parties are unable to reach agreement, the parties will submit competing proposed protective orders for the Court's review.

### A. Subjects on Which Discovery May Be Needed

**Plaintiff's Statement**

Plaintiff has served a first set of requests for production and interrogatories which include the following subjects:

i. The design and testing of Ultra Slim wall mounts;
ii. Customer complaints and warranty claims regarding Ultra Slim wall mounts;
iii. SEA internal communications regarding Ultra Slim wall mounts; and
iv. SEA's relevant communications with third parties, such as its manufacturers, suppliers, distributors, wholesalers, retailers, customers, and the government.

**Defendant's Statement**

Defendant SEA has served a first set of request for production and interrogatories that include the following subjects:

i. Plaintiff's alleged purchase of an Ultra Slim Wall Mount, including facts and information relied upon at time of purchase and ;
ii. Plaintiff's installation of the Ultra Slim Wall Mount;
iii. Plaintiff's use of the Ultra Slim Wall Mount; and
iv. Alleged failure of Plaintiff's Ultra Slim Wall Mount.

### 9. CLASS ACTIONS

**Plaintiff's Statement**

Plaintiff filed this action on behalf of all persons who purchased a Samsung Ultra Slim wall mount in California and satisfies the prerequisites for suing as a representative party pursuant to Rule 23.

On class certification, Plaintiff will show that the proposed class meets the requirements of Rule 23(a). First, the proposed class consists of hundreds, if not thousands, of consumers; the number of class members are too large to join in a single action. Second, Plaintiff and the proposed class members' claims raise common factual and legal questions which may be established through common proof, including concerning whether Samsung misrepresented the weight-bearing capacity of its Ultra Slim wall mounts. Third, Plaintiff's claims are typical of all class members' claims because Plaintiff and members of the proposed class all purchased Samsung Ultra Slim wall mounts, giving rise to substantially the same claims. Finally, Plaintiff's interests are aligned with those of the proposed class and she has retained counsel experienced in class action litigation.

Plaintiff will also satisfy the requirements of Rule 23(b)(2) and (b)(3). Samsung has acted on grounds generally applicable to the class, making injunctive and declaratory relief appropriate, and all parties and the Court will benefit if the legality of these practices are decided in a single proceeding, rather than in piecemeal and potentially inconsistent adjudications. In addition, common questions of law and fact predominate over any questions affecting only individual class members, and these common questions will be established through common proof. These include (i) whether Samsung's Ultra Slim wall mounts have a propensity to fail; (ii) whether Samsung's representations in packaging affirmatively misrepresent the weight or load-bearing capacity of the wall mounts and (iii) whether Samsung has breached its warranty or obligations imposed by implied warranties by failing to provide free repairs for damage and reimbursement for losses resulting from wall mount failures. Further, a class action is superior to individual litigation as class members have little interest in individually controlling the prosecution of separate actions and adjudication in a single court will promote efficiency and uniformity. In all, there are no particular difficulties likely to be encountered in the management of this matter as a class proceeding.

**Defendant's Statement**

SEA believes that this action may not properly be maintained as a class action under Rule 23, and will oppose Plaintiff's motion for class certification once brought.

### 10. RELATED CASES

The parties are unaware of any related cases at this time.

**11. RELIEF**

Plaintiff seeks damages and restitution, injunctive and declaratory relief, reasonable attorneys' fees, and costs of suit. SEA believes that Plaintiff's claims fail on the merits, and that Plaintiff is not entitled to any relief.

**12. SETTLEMENT AND ADR**

On November 9, 2016, the Parties convened at the offices of JAMS for a mediation with the Hon. William J. Cahill (Ret.). The mediation was attended by counsel for each Party. Corporate representatives from SEA were also in attendance. The Parties were unable to reach agreement on a settlement.

**13. CONSENT TO MAGISTRATE JURISDICTION**

The parties do not consent to having a magistrate judge conduct all further proceedings.

**14. OTHER REFERENCES**

The parties believe this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15. NARROWING OF ISSUES**

The parties agree that the scope of Plaintiff's claims may be determined when the Court rules on Defendant's motion to dismiss and Plaintiff's motion for class certification.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

On September 1, the Court issued a Case Management Order setting the schedule in this case (Dkt. 38).

**18. TRIAL**

Plaintiffs have demanded a jury trial. While the parties may have a better estimate closer to the trial date, they currently anticipate the trial to last ten court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

SEA filed its Rule 7.1 Disclosure Statement and L.R. 3-15 Certification of Interested Entities or

1  Persons on June 1, 2016. (Dkt. 2.)

2  **20.   PROFESSIONAL CONDUCT**

3  All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties have no other matters to raise.

Dated:  December 7, 2016          RUSSELL I. GLAZER
                                  DANIEL M. RYGORSKY
                                  NICOLE S. PHILLIS
                                  **TROYGOULD PC**


                                  By:   /s/Daniel M. Rygorsky
                                        Daniel M. Rygorsky
                                  Attorneys for Defendant
                                  Samsung Electronics America, Inc.


Dated:  December 7, 2016          ERIC H. GIBBS
                                  ANDRE M. MURA
                                  STEVE LOPEZ
                                  **GIRARD GIBBS LLP**


                                  By:   /s/Andre M. Mura
                                        Andre M. Mura
                                  Attorneys for Plaintiff

                                  Cindy Coleman-Anacleto

9
JOINT CASE MANAGEMENT STATEMENT
Case No. 5:16-cv-02941-LHK

03670-0003 288654.1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1801 Century Park East, 16th Floor, Los Angeles, CA 90067-2367.

On December 7, 2016, I served the within document(s) described as:

JOINT SETTLEMENT STATUS UPDATE

on the interested parties in this action as stated below:

Eric Gibbs
Andre M. Mura
Steve Lopez
Girard Gibbs LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Ph. (510) 350-9700

E-MAIL:   ehg@classlawgroup.com
          amm@classlawgroup.com
          sal@classlawgroup.com

☐ (BY CM/ECF) I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules. I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 7, 2016, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Nicole S. Phillis | /s/ Nicole S. Phillis |
|---|---|
| (Type or print name) | (Signature) |

---

1
JOINT CASE MANAGEMENT STATEMENT
Case No. 5:16-cv-02941-LHK

03670-0003 288654.1