1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

CINDY COLEMAN-ANACLETO,

            Plaintiff,

13

14

    v.

15

SAMSUNG ELECTRONICS AMERICA, INC.,

16

17

          Defendant.

Case No. 16-CV-02941-LHK

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 46

18

Plaintiff Cindy Coleman-Anacleto ("Plaintiff") sues Defendant Samsung Electronics

19

America, Inc. ("Defendant") for causes of action related to Defendant's allegedly defective "Ultra

20

Slim" wall mounts.  ECF No. 43 (First Amended Complaint, or "FAC").  Before the Court is

21

Defendant's motion to dismiss Plaintiff's First Amended Complaint.  ECF No. 46 ("Def. Mot.").

22

The Court finds this motion suitable for decision without oral argument and hereby VACATES

23

the motion hearing set for January 12, 2017 at 1:30 p.m.  Civil L.R. 7-1(b).  Having considered the

24

parties' briefing, the relevant law, and the record in this case, the Court hereby GRANTS in part

25

and DENIES in part Defendant's motion to dismiss.

26

27

**I.      BACKGROUND**

28

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

**A. Factual Background**

This case arises out of an alleged defect in the "Ultra Slim" wall mounts manufactured by Defendant beginning in 2009. FAC ¶ 9. Ultra Slim wall mounts—models WMN1000B, WMN2000B, WMN2000C, WMN3000B, and WMN3000C—are designed to hang various flat panel televisions on the wall. *Id.* ¶ 11, 12. Hanging a television with an Ultra Slim wall mount involves screwing two plastic disks onto the back of the television. *Id.* ¶¶ 10–11. The plastic disks hold a metal cable between them. After the plastic disks and cable are attached to the television, the cable is hung onto two metal disks that are screwed into the wall. *Id.* ¶¶ 9–11. The television thus hangs from the cable, which hangs from the two wall-mounted metal disks. *Id.*

Each Ultra Slim wall mount package is labeled with the "safe working load" and the "minimum breaking load," as well as with the televisions with which the wall mount is compatible. *See id.* ¶ 13, 16 (examples of Ultra Slim wall mount packaging). However, "[t]he plastic disks in Samsung Ultra Slim wall mounts are susceptible to breaking at any time . . . under the regular pressure of holding a Samsung television of the appropriate weight and size, as stated on the package." *Id* ¶ 17.

When the plastic disks in an Ultra Slim wall mount break, the television falls off of the wall mount. *Id.* A falling television "presents a serious safety hazard to those nearby, including children and pets." *Id.* ¶ 19. Indeed, falling televisions have caused over 150 fatalities between 2000 and 2013, and over 15,000 injuries requiring emergency-room treatment between 2011 and 2013. *Id.* In addition to the safety risks, falling televisions cause damage to both the television and any items that the television hits, including stereo systems, video game consoles, and furniture. *Id.* ¶ 22. Because televisions "typically cost thousands of dollars," the damage to a television from a fall "is often too expensive to repair" and the television has to be replaced. *Id.*

Plaintiff contends that "[s]ince at least 2012, Ultra Slim wall mount purchasers have

2

reported to Samsung plastic disk failures that resulted in wall mount failures and caused damage to property." *Id.* ¶ 23. Specifically, since 2012, purchasers of Ultra Slim wall mounts have reported on Amazon.com the plastic disk failures in their Ultra Slim wall mounts. *Id.* ¶ 23 (listing 11 consumer complaints from Amazon.com). Many of these consumers expressed concern that the failure of the Ultra Slim wall mount posed a safety risk due to the falling of the television mounted on the Ultra Slim wall mount. *Id.*

Plaintiff states that, "[d]espite the danger posed by wall mount failures, Samsung does not disclose the risk of harm to potential purchasers or current wall mount owners. Instead it falsely represented the weight bearing capacity of the Ultra Slim wall mounts and the compatibility of Samsung televisions even when installed as directed." *Id.* ¶ 25. Plaintiff alleges that "[a]lthough Samsung appears to have quietly discontinued production of most Ultra Slim wall mounts, the wall mounts remain for sale through Samsung's various distributors" and "Samsung has not recalled these wall mounts but instead continues to conceal and fails to disclose the risk of wall mount failures even though it knows that consumers are unable to reasonably discover this issue until they experience it first hand and are exposed to the resulting safety risks." *Id.*

In September 2010, Plaintiff purchased an Ultra Slim wall mount (model WMN1000C) to hang her Series 8000, Plasma Display Panel ("PDP") television. *Id.* ¶ 27. The packaging on the Ultra Slim wall mount that Plaintiff purchased represented that it was "compatible with 58- 63 [inch] Samsung PDP televisions Series 6400 and above" and that the "'Safe Working Load' of the television" was 110 pounds and that the "'Minimum Breaking Load' of the television" was 440 pounds. *Id.* ¶ 28. Plaintiff alleges that she relied on these statements before purchasing and installing her Ultra Slim wall mount. *Id.* Specifically, Plaintiff contends that she researched prior to making her purchase, she read the packaging on the Ultra Slim wall mount, and that she "carefully followed" the "instructions included with the wall mount" in order to insure the

3

United States District Court
Northern District of California

installation was performed according to directions.  *Id.* ¶ 30.

On January 7, 2016, one of Plaintiff's Ultra Slim wall mount's plastic disks failed, causing Plaintiff's television to fall off of the wall and break.  *Id.* ¶ 31.  Although Plaintiff contacted Defendant, Defendant refused to repair the television.  *Id.* ¶ 32.

### B.  Procedural Background

On April 29, 2016, Plaintiff filed a complaint against Defendant in Santa Clara County Superior Court seeking to represent a putative class of "[a]ll persons who purchased a Samsung Ultra Slim wall mount in California."  ECF No. 1 ("Compl."), ¶ 24.  Plaintiff's state court complaint asserted six causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (3) breach of implied warranties under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*; (4) strict liability for design defect; (5) strict liability for failure to warn; and (6) negligence.  Plaintiff requested that Defendant "[r]eimburse class members who have already incurred personal injury or damage to property as a result of Ultra Slim wall mount failures," "[r]epair or replace Samsung televisions that have been damaged by Ultra Slim wall mount failures," and "[r]eimburse or refund Plaintiff and all Ultra Slim wall mount purchasers the amount they paid to purchase the wall mounts."  Plaintiff did not specify an amount of damages.  Plaintiff also sought restitution, disgorgement of profits, attorney's fees and costs, and declaratory and injunctive relief.

On June 1, 2016, Defendant removed the case to this Court based on CAFA jurisdiction.  ECF No. 1.  On July 1, 2016, Plaintiff filed a motion to remand.  ECF No. 13.  Defendant opposed the motion to remand on July 28, 2016.  ECF No. 25.  Plaintiff replied on August 4, 2016.  ECF No. 29.

On July 5, 2016, Defendant moved to dismiss the Complaint.  ECF No. 16.  On August 2,

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

2016, Plaintiff opposed the motion to dismiss.  ECF No. 27.  Defendant replied on August 16, 2016.  ECF No. 34.

On September 12, 2016, this Court denied Plaintiff's motion to remand and granted in part and denied in part Defendant's motion to dismiss.  *Coleman-Anacleto v. Samsung Elec. Am., Inc.*, 2016 WL 4729302 (N.D. Cal. Sept. 12, 2016).  The Court first considered Plaintiff's motion to remand.  The Court held that, given the number of Ultra Slim wall mounts sold in California during the class period, an assumed 3% failure rate of the Ultra Slim wall mount, and the undisputed price of the televisions damaged by the failure, Defendant had proved that the amount in controversy was satisfied and thus that CAFA jurisdiction was appropriate.  *Id.* at *9.

The Court then considered Defendant's motion to dismiss.  First, the Court granted Defendant's motion to dismiss Plaintiff's CLRA claim because Plaintiff had failed to allege that she relied on any misrepresentation or omission of Defendant.  *Id.* at *11.  The Court also noted, in anticipation that Plaintiff would amend her Complaint, that "Plaintiff ha[d] not adequately pled that Defendant had knowledge of the alleged defect in September 2010, when Plaintiff purchased her Ultra Slim wall mount," and thus Plaintiff had failed to establish that Defendant was liable for fraudulent omission under the CLRA.  *Id.* at *14.  Moreover, the Court held that Plaintiff had failed to state a CLRA claim because Plaintiff had failed to allege that she herself purchased a television that was compatible with the Ultra Slim wall mount.  *Id.*

Second, for the same reasons that the Court granted Defendant's motion to dismiss Plaintiff's CLRA claim, the Court granted Defendant's motion to dismiss Plaintiff's UCL claims.  *Id.* at *17.

Third, the Court denied Defendant's motion to dismiss Plaintiff's Song-Beverly Act claim.  *Id.* * 16.  Although Defendant argued that Plaintiff's claim was barred by the "duration provision" of the Song-Beverly Act, this Court held that, under the California Court of Appeal's decision in

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

*Mexia v. Rinker Boat Co.*, 5 Cal. Rptr. 3d 285 (Ct. App. 2009), Plaintiff's claim was not barred by the Song-Beverly Act's duration provision because it "was allegedly unmerchantable at the time of sale" and Plaintiff was unable to reasonably discover the defect prior to experiencing the defect. *Id.* *116 (citing *Mexia*, 5 Cal. Rptr. at 290–91).

Fourth, the Court granted Defendant's motion to dismiss Plaintiff's cause of action for strict liability under a "failure to warn" theory. As the Court held with regards to Plaintiff's CLRA claim, Plaintiff had "fail[ed] to allege that Defendant was aware of any defect in Ultra Slim wall mounts" at the time that Plaintiff purchased her wall mount, and Defendant did not have a duty to disclose a risk of which it was not aware. *Id.* at *17.

Fifth, the Court denied Defendant's motion to dismiss Plaintiff's cause of action for strict liability under a "design defect" theory. The Court held that Plaintiff had failed to allege a design defect under the "consumer expectations" test because Plaintiff did not allege the specifics of the television that she purchased or that her television was compatible with the Ultra Slim wall mount that she purchased. *Id.* at *18. Nonetheless, the Court held that Plaintiff had adequately alleged a design defect under the "risk-benefit" test. *Id.*

Finally, for the same reasons discussed in the Court's evaluation of Plaintiff's cause of action for strict liability, the Court denied Defendant's motion to dismiss Plaintiff's cause of action for negligence "to the extent that the [negligence] claim is founded on negligent design." *Id.* *20. For each of the claims that the Court dismissed, the Court granted Plaintiff leave to amend her Complaint. *Id.*

On October 3, 2016, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff alleges in her FAC that she mounted a television that was compatible with her Ultra Slim wall mount. FAC ¶ 27. Plaintiff did not add, however, any allegations regarding Defendant's knowledge of the alleged defect. *See generally* FAC.

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Plaintiff's FAC asserts five causes of action.  Count One alleges that Defendant breached Cal. Bus. & Prof. Code § 17200, et seq., by "falsely represent[ing] that its Ultra Slim wall mounts could hold televisions of a certain weight or model when they cannot."  FAC ¶ 45.  Count Two alleges that Defendant breached Cal. Civ. Code § 1750, by falsely representing "to consumers the weight and television models that its Ultra Slim wall mounts could hold."  FAC ¶ 53.  Count Three alleges that Defendant breached implied warranties under the Song-Beverly Act, Cal. Civ. Code § 1790.  FAC ¶ 62.  Count Four alleges strict liability for design defect.  FAC ¶ 69.  Count Five alleges negligent design.  FAC ¶ 74.  Plaintiff did not reallege in the FAC her claim for strict liability under a "failure to warn" theory, which the Court dismissed in its September 12, 2016 order.

On November 11, 2016, Defendant filed the instant motion to dismiss the FAC.  Def. Mot. On November 15, 2016, Plaintiff filed an opposition to Defendant's motion to dismiss the FAC. ECF No. 47 ("Pl. Opp.").  On November 22, 2016, Defendant filed a reply.  ECF No. 49 ("Def. Reply").[1]

## II.      LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  Rule 8(a) requires a

---

[1] On December 5, 2016, Plaintiff filed a motion for leave to file a second amended complaint. ECF No. 50.  Plaintiff's motion seeks to add Samsung Electronics as a party, and also seeks to add a CLRA claim for damages.  That motion is set for hearing on January 26, 2017, and the Court does not consider Plaintiff's motion for leave to amend in considering the instant motion to dismiss, which was fully briefed by both parties at the time that Plaintiff moved for leave to amend.

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.  Leave to Amend**

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (ellipsis in original). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.    DISCUSSION

### A.    Incorporation by Reference

Prior to addressing Defendant's motion to dismiss, the Court must first determine whether, in ruling on the instant motion to dismiss, the court may appropriately consider the Ultra Slim wall mount instruction page and the "express limited 1-year warranty on the Wall Mount" that Defendant has attached as Exhibit A to its motion to dismiss. *See* Def. Mot., at 3 n.1, ECF No. 46-1 ("Ex. A"). Specifically, Defendant's Exhibit A contains two pages of instructions regarding how to install the Ultra Slim wall mount and two pages titled "Limited Warranty to Original Purchaser." *See* Ex. A. According to Defendant, the "express limited 1-year warranty" (hereinafter, the "express warranty") was included with the instructions. Def. Mot. at 3, n.1.

Under the doctrine of incorporation by reference, the Court may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the documents authenticity is uncontested, and the document's relevance is uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Defendant asserts that Plaintiff's FAC incorporates by reference the Ultra Slim wall mount's instructions and, consequentially, the FAC incorporates by reference the express warranty. Def. Mot., at 3 n.1. For the reasons discussed below, the Court disagrees with Defendant.

9

United States District Court
Northern District of California

First, the Court cannot incorporate these documents by reference into Plaintiff's FAC because Plaintiff disputes their authenticity. Specifically, Plaintiff states in her opposition to Defendant's motion to dismiss that the express warranty is an "entirely separate document" from the instructions. Pl. Opp. at 8. In its motion to dismiss, Defendant argues only that Plaintiff has incorporated the instructions by reference into her FAC. Def. Mot. at 3 n.1. If, as Plaintiff contends, the express warranty is an "entirely separate document" from the instructions, the Court cannot consider the express warranty in ruling on the instant motion to dismiss because Plaintiff's FAC makes no mention at all of an express warranty. *See generally* FAC. Indeed, until the instant motion, the "parties appear[ed] to agree that Plaintiff's Ultra Slim wall mount was *not* covered by any written or express warranty from Defendant." *Coleman-Anacleto*, 2016 WL 4729302, at *12 (emphasis added).

Second, even assuming that the express warranty was included in the same document as the instructions, the Court finds that the FAC does not incorporate the instructions by reference. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003). "The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Id.* However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement*, 593 F.3d at 1038.

Here, the basis of Plaintiff's claim is that Defendant "falsely represents on packaging the weight and type of television that an Ultra Slim wall mount can safely hold," and that Plaintiff relied on the representations on this packaging when she purchased her Ultra Slim wall mount. FAC ¶¶ 25, 28. The FAC mentions the Ultra Slim wall mount's instructions in stating that "[t]he

10

instructions included in the wall mount were carefully followed to ensure that the installation was done according to the directions" and that "[t]he instructions included the same television model and weight specifications pictured on the [packaging]." FAC ¶ 30.  Thus, Plaintiff does not "refer[] extensively" to the instructions, and the instructions do not "form[] the basis of" Plaintiff's claim, which is based on Defendant's representations made on the product packaging. *Coto Settlement*, 593 F.3d at 1038.  Plaintiff's allegations regarding the instructions are closer to merely "mention[ing] [] the existence" of the instructions, and this is not sufficient to incorporate the entire contents of the instructions by reference into the FAC. *See id.*; *Ritchie*, 342 F. 3d at 908.

Accordingly, because the parties dispute that express warranty was included with the Ultra Slim wall mount instructions, and because Plaintiff does not "necessarily rely" on the instructions in the FAC, the Court will not consider Defendant's Exhibit A in ruling on the instant motion to dismiss.[2]  The Court next turns to consider the merits of Defendant's motion to dismiss.

**B.      Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's UCL, CLRA, and Song-Berly Act claims. Defendant also moves to dismiss Plaintiff's claim for strict products liability for a design defect under the consumer expectations test.  The Court first considers Plaintiff's CLRA and Song-Berly Act claims.  The Court then considers Plaintiff's UCL claim, which relies on Plaintiff's CLRA and Song-Berly Act claims.  Finally, the Court considers Plaintiff's claim for strict products liability.

**1.   CLRA**

---

[2] The Court notes, however, that even if it were to consider the express warranty in ruling on Defendant's motion to dismiss, it would not change the outcome of this order.  As discussed below, the Court finds that Plaintiff has failed to state a claim under the CLRA because Plaintiff fails to allege that Defendant had knowledge of the alleged defect at the time that Defendant made representations to Plaintiff.  Further, the Court disagrees with Defendant that the express warranty affects Plaintiff's claim for strict products liability.  Thus, even if this Court were to consider the express warranty at this stage of the proceedings, the result would be the same.

11

Defendant first argues that Plaintiff's FAC fails to state a claim under the CLRA.  The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).  A plaintiff "can state a claim under the CLRA by showing that [Defendant] either made an affirmative misrepresentation about, or failed to disclose defects in," the Ultra Slim wall mounts.  *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1032 (N.D. Cal. 2014).

Plaintiff's original complaint alleged that Defendant violated the CLRA under an "affirmative misrepresentation" and a "failure to disclose" theory.  In its September 12, 2016 order, this Court dismissed Plaintiff's CLRA claim because (1) Plaintiff failed to allege that she relied on Defendant's misrepresentation; (2) Plaintiff failed to adequately plead that Defendant had knowledge of the alleged defect in September 2010 when Plaintiff purchased her Ultra Slim wall mount; and (3) Plaintiff had failed to "allege the content of the representation on the packaging of Plaintiff's Ultra Slim wall mount" or that Plaintiff owned a television that was compatible with the representation that Defendant allegedly made on the packaging.  *Coleman-Anacleto*, 2016 WL 4729302, at *10–14.

Plaintiff's FAC cures many of the deficiencies that this Court identified in its September 12, 2016 order.  Specifically, Plaintiff alleges that she relied on Defendant's representation in purchasing her Ultra Slim wall mount.  FAC ¶ 28.  Plaintiff also alleges the contents of Defendant's representation on the Ultra Slim wall mount packaging, and alleges that Plaintiff owned a television that was compatible with the representation made on the Ultra Slim wall mount packaging.  FAC ¶¶ 26–29.

However, Defendant asserts that Plaintiff's FAC still fails to state a claim under the CLRA because the FAC does not allege any facts to show that Defendant knew of the alleged defect in

12

September 2010, the time that Plaintiff purchased her Ultra Slim wall mount.  Def. Mot. at 12–13.

In response, Plaintiff argues that, unlike her original complaint, Plaintiff's FAC alleges that

Defendant violated the CLRA only under an affirmative misrepresentation theory, not a failure to

disclose theory.  Pl. Opp. at 12.  According to Plaintiff, she need not "plead that [Defendant] knew

its representations were false when made" in order to assert a CLRA claim that is premised on an

affirmative misrepresentation, as opposed to a CLRA claim that is premised on a failure to

disclose.  *Id.*

Contrary to Plaintiff's argument, "California federal courts have held that, under the

CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale

to survive a motion to dismiss."  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir.

2012).  A plaintiff must sufficiently allege a defendant's knowledge at the time of sale in order to

state a CLRA claim under an affirmative misrepresentation theory just as a plaintiff must do so in

order to state a CLRA claim under a fraudulent omission theory.  *See Kowalsky v. Hewlett-*

*Packard Co.*, 771 F. Supp. 2d 1156, 1163 (N.D. Cal. 2011) ("*Kowalsky II*") ("[T]he Court finds

that HP cannot be liable under the CLRA for *representations* about [a printer's] characteristics that

are rendered misleading due to a defect of which HP did not know, or of which it did not have

reason to know, at the time HP made the representations." (emphasis added)); *Kent v. Hewlett-*

*Packard Co.*, 2010 WL 2681767, at *8 (N.D. Cal. July 6, 2010) (dismissing a CLRA claim for

misrepresentation because the "Plaintiffs ha[d] not alleged sufficiently that HP knew that defects

would manifest during the warranty period").  As this Court has explained, requiring a plaintiff to

plead that the defendant was aware of the defect at the time of sale "serve[s] the purpose of the

CLRA, which is to protect consumers from '*unfair or deceptive*' business practices."  *Kowalsky II*,

771 F. Supp. 2d at 1163 (emphasis added); *see also Wilson*, 668 F.3d at 1145 ("Plaintiffs must

allege HP's knowledge of a defect to succeed on their claims of deceptive practices and fraud.");

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

*Kent*, 2010 WL 2681767, at *7 ("The CLRA proscribes *active* misrepresentations about the standard, quality, or grade of goods." (emphasis added)). Thus, regardless of whether Plaintiff seeks to state a CLRA claim under an affirmative misrepresentation or a fraudulent omission theory, Plaintiff "must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson*, 668 F.3d at 1145.

Plaintiff's FAC contains no allegations that Defendant knew of the defect at the time that Plaintiff purchased her Ultra Slim wall mount in September 2010. *See* FAC ¶ 26. Plaintiff's FAC alleges only that "[s]ince at least *2012*" consumers have reported that Ultra Slim wall mounts were prone to failure.[3] *Id.* ¶ 23 (emphasis added). Indeed, although Plaintiff's original Complaint alleged that "[i]t is likely that [Defendant] knew that its wall mounts were prone to failure well before 2012"—an allegation that this Court, in its September 12, 2016 order, found insufficient to demonstrate Defendant's pre-2012 knowledge—Plaintiff's FAC omits even this factual allegation. *Compare* Compl. ¶ 19 *with* FAC ¶ 24.

Thus, because Plaintiff's FAC contains no allegations regarding Defendant's knowledge of the defect in September 2010, the date that Plaintiff purchased her Ultra Slim wall mount, Plaintiff has failed to state a CLRA claim. *See Wilson*, 668 F.3d at 1145. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's CLRA claim. In granting Defendant's first motion to dismiss Plaintiff's CLRA claim, the Court cautioned Plaintiff that failure to cure the deficiencies in Plaintiff's claim would lead to dismissal with prejudice. As Plaintiff's FAC fails to cure the deficiencies in Plaintiff's CLRA claim, the Court concludes that further amendment would be futile. Plaintiff's CLRA claim is thus dismissed with prejudice. *See Lopez*, 203 F.3d at

---

[3] As explained below, the Court also finds that Plaintiff's factual allegations about consumer complaints in 2012 are insufficient to show Defendant's knowledge of the defect in 2012. The Court fully addresses these factual allegations in evaluating Plaintiff's Song-Beverly Act claim below.

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

### 2. Song-Beverly Act

Defendant also moves to dismiss Plaintiff's claim for breach of the implied warranty of merchantability under the Song-Beverly Act.  Def. Mot. at 21.  In the Court's September 12, 2016 order, the Court rejected Defendant's argument that Plaintiff's Song-Beverly Act claim was barred by the Song-Beverly Act's "duration provision," and the Court also rejected Defendant's argument that the Ultra Slim wall mount was "fit for ordinary use" because it functioned for six years without failing.  *Coleman-Anacleto*, 2016 WL 4729302, at *15.  The Court's September 12, 2016 order thus denied Defendant's motion to dismiss Plaintiff's Song-Beverly Act claim.  *Id.*

Defendant now contends that Plaintiff's Song-Beverly Act claim fails because Plaintiff's claim is barred by the Song-Beverly Act's statute of limitations.  Def. Mot. at 21.  "California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs the statute of limitations under the [California] Commercial Code."  *Mexia*, 95 Cal. Rptr.3d at 291.  That statute provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  *Id.*  (quoting Cal. Comm. Code § 2725).

Plaintiff filed the original complaint on April 29, 2016, *see* ECF No. 1, more than four years after the date that Plaintiff purchased her Ultra Slim wall mount in September 2010, FAC ¶ 26.  Plaintiff contends that, although she filed her claim outside of the statute of limitations, her claim is nevertheless not time barred because she is entitled to fraudulent concealment tolling.  Pl. Opp. at 17.  "The doctrine of fraudulent concealment tolls the statute of limitations where a defendant, through deceptive conduct, has caused a claim to grow stale."  *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 875 (Cal. 2013).  "This doctrine requires the plaintiff (1) plead with

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

particularity the facts giving rise to the fraudulent concealment claim and (2) demonstrate that he

or she used due diligence in an attempt to uncover the facts." *Philips v. Ford Motor Co.*, 2016

WL 1745948, at *13 (N.D. Cal. May 3, 2016) (quoting *Allen v. Similasan Corp.*, 96 F. Supp. 3d

1063, 1071 (S.D. Cal. 2015)); *see also Roberts v. Electrolux Home Prods., Inc.*, 2013 WL

7753579, at *8 (C.D. Cal. Mar. 4, 2013) ("Where a plaintiff relies on fraudulent concealment to

toll the statute of limitations, 'the plaintiff must show (a) the substantive elements of fraud, and (b)

an excuse for late discovery of the facts.'").

Plaintiff's FAC fails to "plead with particularity the facts giving rise to the fraudulent

concealment claim," and thus Plaintiff is not entitled to fraudulent concealment tolling. *Philips*,

2016 WL 1745948, at *13.  As stated above, Plaintiff purchased her Ultra Slim wall mount in

September 2010, but the FAC contains no factual allegations that suggest that Defendant was

aware of the alleged defect in the Ultra Slim wall mount in September 2010.  FAC ¶ 26.

Accordingly, the FAC fails to allege that Defendant knew about the defect prior to Plaintiff's

purchase, let alone fraudulently concealed this information from Plaintiff.  *See Roberts*, 2013 WL

7753579, at *8 (finding plaintiff was entitled to fraudulent concealment tolling where plaintiff

alleged that the defendant had knowledge of the defect over five years prior to plaintiff's purchase

but took no steps to warn plaintiff or other consumers); *Philips*, 2016 WL 1745948, at *14

(holding that the plaintiff was entitled to fraudulent concealment tolling where the plaintiff had

"plausibly alleged that Ford knew about the [alleged defects] prior to [plaintiff's] purchase" but

concealed this information).

Plaintiff asserts that, although her FAC does not allege that Defendant had knowledge in

September 2010, the FAC, "[f]airly read," alleges that Defendant "knew at least by 2012[] that its

wall mounts fail even when properly installed and used."  Pl. Opp. at 16.  Plaintiff contends that,

after Defendant learned of this information in 2012, Defendant failed to disclose to consumers

United States District Court
Northern District of California

such as Plaintiff that the Ultra Slim wall mounts failed when properly used. *Id.* Thus, according to Plaintiff, Plaintiff's Song-Beverly Act claim is entitled to fraudulent concealment tolling beginning in 2012. *Id*.

Significantly, however, the factual allegations in Plaintiff's FAC also fail to show that Defendant had knowledge of the defect in 2012. The only factual allegations in the FAC that could be "[f]airly read" to establish Defendant's knowledge of the defect in 2012 are consumer complaints posted on Amazon.com beginning in 2012. *See* FAC ¶ 16. Plaintiff further relies on the content of an Amazon.com complaint, in which a consumer stated in a posting on June 11, 2012 that the consumer had "[c]ontacted [Defendant] who agreed to send out a service tech" after [the consumer's] Ultra Slim wall mount failed, but "[Defendant] told [the consumer] that [Defendant] did not warrant the quality of their name-brand 'accessory.'" FAC ¶ 23; Pl. Opp. at 16.

However, as this Court noted in its September 12, 2016 order, "this Court has previously held that while 'in some cases, allegations of consumer complaints posted on a defendant's own customer support website may be sufficient to raise a reasonable inference that the defendant knew of a product defect,'" these allegations "must typically be supported by 'an additional basis for defendant's knowledge' of a defect at the time of sale.'" *Coleman-Anacleto*, 2016 WL 4729302, at *13 (emphasis added) (quoting *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138, 1145-46 (N.D. Cal. 2010) ("*Kowalsky I*"), *vacated in part on other grounds by Kowalsky II*, 771 F. Supp. 2d 1156; *see also Wilson*, 668 F.3d at 1147 (discussing *Kowalsky* and holding a district court did not err in dismissing a Plaintiff's CLRA and UCL claims because the plaintiff insufficiently relied on consumer complaints to establish a defendant's knowledge). Examples of "[a]dditional bas[e]s" that courts have found sufficient, in addition to consumer complaints, include allegations that the defendant conducted routine "pre-market testing procedures" or that

17

United States District Court
Northern District of California

the defendant had exclusive access to "pre-release testing data" that disclosed the defect.  *See Kowalsky*, 2011 WL 3501715, at *4; *Wilson*, 668 F.3d at 1147 (quoting *Falk v. Gen. Motors Corp.*, 495 F. Supp. 2d 1088, 1096–97 (N.D. Cal. 2007)).

Here, not only does Plaintiff offer no "additional basis" for Defendant's knowledge of the defect other than consumer complaints, Plaintiff relies only on consumer complaints that were posted on a third-party website, Amazon.com, not "[D]efendant's own customer support website." *Coleman-Anacleto*, 2016 WL 4729302, at *13; *see* FAC ¶ 23.  Moreover, Plaintiff's FAC contains no allegations "that Defendant monitored or was otherwise aware of complaints posted to Amazon.com." *Coleman-Anacleto*, 2016 WL 4729302, at *14.  Indeed, although Plaintiff alleged in her original complaint that "Samsung has long known that its Ultra Slim wall mounts fail under regular use," Plaintiff's FAC does not even contain this factual allegation.  *Compare* Compl. ¶ 18 *with* FAC ¶ 23–24.

Accordingly, Plaintiff's FAC does not allege that Defendant had knowledge of the defect. Absent any indication that Defendant was aware of the defect in the Ultra Slim wall mount, Plaintiff's FAC fails to allege that Defendant engaged in fraudulent concealment, and thus that Plaintiff is entitled to fraudulent concealment tolling.  *See Philips*, 2016 WL 1745948, at *14. Thus, the Court agrees with Defendant that Plaintiff's Song-Beverly Act claim is time barred.  The Court thus GRANTS Defendant's motion to dismiss Plaintiff's Song-Beverly Act claim. However, because the Court has not previously dismissed Plaintiff's Song-Beverly Act claim, *see Coleman-Anacleto*, 2016 WL 4729302, at *15 (denying Defendant's first motion to dismiss Plaintiff's Song-Beverly Act claim), the Court will grant Plaintiff leave to amend her Song-Beverly Act claim because Plaintiff could allege facts that establish Plaintiff's entitlement to fraudulent concealment tolling.  *See Lopez*, 203 F.3d at 1127.

**3.    UCL**

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

Defendant also moves to dismiss Plaintiff's cause of action under the UCL. The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Cal. Bus. & Prof. Code § 17200. Each "prong" of the UCL provides a "separate and distinct theory of liability." *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). "The UCL's coverage is sweeping, and its standard for wrongful business conduct intentionally broad." *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1204 (N.D. Cal. 2014) (internal quotation marks omitted). Plaintiff asserts claims under all three prongs. FAC ¶¶ 43–46.

### a. Unlawful Prong

First, Plaintiff alleges that Defendant's conduct violates the unlawful prong of the UCL. FAC ¶ 44. "The unlawful prong of the UCL 'borrows violations of other laws and treats them as unlawful practices,' which the UCL then 'makes independently actionable.'" *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1139 (N.D. Cal. 2013) (quoting *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)). Plaintiff contends that Defendant's "business acts and practices are unlawful in that they violate the [CLRA] and the [Song-Beverly Act]." FAC ¶ 44. As stated above, however, Plaintiff fails to state a claim under the CLRA or the Song-Beverly Act. Accordingly, Plaintiff's UCL claim, premised on these other statutory violations, also fails. *Elias*, 903 F. Supp. 2d at 859 ("Because the Court finds that Plaintiff did not plausibly allege any statutory violations, it concurrently finds that Plaintiff fails to plausibly allege violation of the unlawful prong of the UCL.").

### b. Fraudulent Prong

Second, Plaintiff alleges that Defendant violated the fraudulent prong of the UCL because Defendant "knowingly misrepresents at the point of sale that its Ultra Slim wall mounts have a propensity to fail, endangering consumers' personal safety and damaging their property." FAC ¶ 45. "To state a claim under the fraudulent prong of the UCL, 'it is necessary only to show that

19

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

members of the public are likely to be deceived' by the business practice or advertising at issue.'" *Kowalsky II*, 771 F. Supp. 2d at 1160 (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (Cal. 2009)).  However, as this Court has explained, "where a defendant lacked knowledge of the facts that rendered its representations misleading at the time it made the representations, courts have been unwilling to impose liability under the fraudulent prong of the UCL." *Id.* at 1161.

As stated above, the FAC contains no allegation that Defendant "knew, or through the exercise of reasonable care should have known, of the [alleged Ultra Slim wall mount] defect at the time it marketed" the Ultra Slim wall mount to Plaintiff.  *Id.* at 1162.  "Without knowledge of the defect, [Defendant] lacked awareness of the basic fact that allegedly rendered its representations about the [Ultra Slim wall mount] misleading or deceptive," and thus Defendant "cannot be held liable under the fraudulent prong of the UCL." *Id.*  Accordingly, Plaintiff has failed to state a claim under the fraudulent prong of the UCL.

### c.  Unfair Prong

Finally, Plaintiff alleges that Defendant's conduct constitutes "unfair business practices." FAC ¶ 46.  "Under the unfairness prong of the UCL, 'a practice may be deemed unfair even if not specifically proscribed by some other law.'" *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1115 (N.D. Cal. 2015) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (Cal. 2003)).  The California Court of Appeal, in *Drum v. San Fernando Valley Bar Association*, 182 Cal. App. 4th 247 (2010), "articulated three possible tests defining 'unfair.'" *See In re Carrier IQ*, 78 F. Supp. 3d at 1115.  First, "the 'tethering test' requires that the 'public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions.'" *Id.* (quoting *Drum*, 182 Cal. App. 4th at 257).  Second, the "balancing test," "asks whether the alleged business practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers

20

and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Id.* Finally, the third test "requires: (1) that the consumer injury be substantial; (2) that the injury not be outweighed by any countervailing benefits to consumers or competition; and (3) the injury is one that consumers could not have reasonably avoided." *Id.*

Plaintiff's FAC alleges that Defendant's conduct violates all three tests. FAC ¶ 46. The gravamen of Plaintiff's argument is that Defendant's business practices are unfair because Defendant makes "affirmative misrepresentations concerning the compatibility and load-bearing capacity of its Ultra Slim wall mounts, which induce consumers, like Plaintiff, to purchase them." Pl. Opp. 15. However, as discussed above, Plaintiff's FAC contains no allegations that show that Defendant knew that its representations about the compatibility and load-bearing capacity of the Ultra Slim wall mount were false when made. In the absence of these facts, Plaintiff has offered no arguments or allegations that Defendant's *un*knowing distribution of the allegedly defective Ultra Slim wall mount should be considered "immoral, unethical, oppressive, or unscrupulous." *Kowalsky I*, 771 F. Supp. 2d at 1150–51 (dismissing unfair prong UCL claim because the plaintiff offered no facts to show defendant's knowledge of the alleged defect and the plaintiff offered no argumentation regarding how defendant's unknowing distribution of a defective product was "unfair"). Thus, Plaintiff has failed to state a UCL claim under the "unfair prong."

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's UCL claim. The Court grants leave to amend solely to the extent Plaintiff's UCL claim is based on violations of the Song-Beverly Act. As stated above, the Court dismisses with leave to amend Plaintiff's Song-Beverly Act claim, and thus the Court also dismisses with leave to amend Plaintiff's UCL claim to the extent Plaintiff's "unlawful prong" UCL claim is predicated on Defendant's violation of the Song-Beverly Act. As to the remaining portions of Plaintiff's UCL claim, this Court dismissed Plaintiff's UCL claim in its September 12, 2016 order, and cautioned Plaintiff that

21

United States District Court
Northern District of California

failure to cure the deficiencies in Plaintiff's UCL claim would lead to dismissal with prejudice. As Plaintiff's FAC has not cured the deficiencies that this Court identified in its September 12, 2016 order, Plaintiff's UCL claim is dismissed with prejudice, except to the extent that it is based on Defendant's violation of the Song-Beverly Act. *See Lopez*, 203 F.3d at 1127.

**4.      Strict Products Liability**

Finally, Defendant moves to dismiss Plaintiff's claim for strict products liability under the "consumer expectations test." Def. Mot. at 23–25. Under California law, "a product is defectively designed if [1] it fails to meet an ordinary consumer's expectations, or if [2] injury is attributable to a specific design feature of the product and the risks associated with the design outweigh its benefits." *Papike v. Tambrands Inc.*, 107 F.3d 737, 743 (9th Cir. 1997) (citing *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413 (1978)). Under the consumer expectations test, "a product is defective in design if it failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." *Smith v. Adobe Sys., Inc.*, 2011 WL 4404152, at *2 (N.D. Cal. Sept. 21, 2011).

In this Court's September 12, 2016 order, the Court granted Defendant's motion to dismiss Plaintiff's strict liability claim under the consumer expectations test because Plaintiff failed to allege that she "used the Ultra Slim wall mount with a compatible television of appropriate weight." *Coleman-Anacleto*, 2016 WL 4729302, at *18. In her FAC, Plaintiff has cured this deficiency. Specifically, Plaintiff alleges that her "television is a Series 8000, Plasma Display Panel ("PDP"), Type Number PN63C8000" and that "[t]he packaging of the Samsung WMN1000C Ultra Slim wall mount which Plaintiff purchased stated that it is compatible with 58"-63" Samsung PDP televisions Series 6400 and above." FAC ¶¶ 27–28.

In its motion to dismiss the FAC, Defendant now asserts that Plaintiff has failed to state a claim for strict products liability under the consumer expectations test because "Plaintiff does not

22

1    allege [Defendant] made representations as to the length of time the Wall Mount would function

2    properly." Def. Mot. at 17. According to Defendant, Defendant expressly warranted the Ultra

3    Slim wall mount for only one year, and thus consumers would only have an expectation that the

4    Wall Mount would "function properly for one year." *Id*. at 18. Defendant contends that, because

5    Plaintiff's Ultra Slim wall mount held her television in place "for over five years," the Ultra Slim

6    wall mount "satisfied any expectation the ordinary consumer could have had about the

7    performance of the wall mount." *Id.*

8        Defendant's argument is not persuasive. The expectation of an "ordinary consumer" is a

9    question of fact. *See Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 987–88 (N.D. Cal. 2014)

10   (denying motion for summary judgment because whether an ordinary consumer would know to

11   wear eye equipment while using a product was a "factual question[] for the jury"). Even assuming

12   that Defendant expressly warranted the Ultra Slim wall mount for only one year,[4] Defendant

13   points to no authority that suggests that consumer expectations about the safe working life of a

14   product is, as a matter of law, limited to the express warranty of the product. It is not

15   unreasonable as a matter of law that an ordinary consumer would use a television wall mount for

16   over one year, or that an ordinary consumer would reasonably expect a television wall mount to

17   continue to hold a television in place for longer than one year, particularly given the safety risk

18   that a falling television poses to persons, pets, and property. *See Coleman-Anacleto*, 2016 WL

19   4729302, at *12 (finding that plaintiff had adequately alleged that falling televisions pose safety

20   concerns).

21       Plaintiff's FAC alleges that she used her Ultra Slim wall mount with a compatible

22   television of appropriate weight, and that Defendant's "Ultra Slim wall mounts are defective in

---

[4] As discussed above, the express warranty is not incorporated by reference into Plaintiff's FAC.

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

design because they failed to perform as safely as an ordinary consumer purchasing a wall mount

would have expected when using the wall mounts in a reasonably foreseeable manner."  FAC ¶

22.  Plaintiff has identified the defect, the causes of the defect, and that the Ultra Slim wall mount

fails to perform as safely as an ordinary consumer would expect.  *See id.* ¶¶ 68–70.  These

allegations are sufficient, at the motion to dismiss stage, to state a claim under the consumer

expectations test.  *See In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales

Practices & Prods. Liability Litig.*, 754 F. Supp. 2d 1208, 1221 (C.D. Cal. 2010) (noting "[t]he

Court has no trouble discerning sufficient facts in the [plaintiff's] complaint that support a design-

defect claim" where the Plaintiff had identified the defect, the causes of the defect, and had alleged

that the defect rendered vehicles "unable to perform as an ordinary consumer would expect").

Accordingly, Defendant's motion to dismiss Plaintiff's strict liability claim is DENIED.

## IV.   CONCLUSION

For the foregoing reason, the Court GRANTS in part and DENIES in part Defendant's

motion to dismiss, as follows:

- As to Plaintiff's claim under the CLRA, the Court GRANTS Defendant's motion to dismiss with prejudice.

- As to Plaintiff's claim under the Song-Beverly Act, the Court GRANTS Defendant's motion to dismiss with leave to amend.

- As to Plaintiff's claim under the UCL, the Court GRANTS Defendant's motion to dismiss with leave to amend, but only to the extent that Plaintiff premises her UCL claim on Defendant's violation of the Song-Beverly Act.  Plaintiff's UCL claim is otherwise dismissed with prejudice.

- As to Plaintiff's claim for strict liability for design defect, the Court DENIES Defendant's motion to dismiss.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified in this order,

Plaintiff shall do so within twenty-one days (21) days of the date of this order.  Failure to meet this

deadline, or failure to cure the deficiencies identified in this order, will result in a dismissal with

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

prejudice.  Plaintiff may not add new parties or claims without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: January 10, 2017

_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-02941-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS